**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KENNETH J. RADER, JR.,** <br><br>   **Plaintiff,** <br><br>   vs. <br><br> **SUN LIFE ASSURANCE COMPANY OF CANADA; DAVE JONES, AS COMMISSIONER OF INSURANCE; DOES 1-20,** <br><br>   **Defendants.** | Case No.: 13-CV-580 YGR <br><br> **ORDER GRANTING MOTION OF PLAINTIFF KENNETH J. RADER, JR., TO REMAND** |

Plaintiff Kenneth J. Rader ("Rader") filed his complaint in the Superior Court of California, County of San Francisco, alleging claims against Defendant Sun Life Assurance Company of Canada ("Sun Life") for breach of contract and breach of the covenant of good faith and fair dealing with regard to his group disability insurance policy, and against Defendant Dave Jones, California Insurance Commissioner ("the Commissioner"), for a writ of mandamus on account of his approval of the policy allegedly in contravention of provisions of the California Insurance Code. Sun Life removed the action to this Court by Notice of Removal filed February 8, 2013, on grounds of diversity jurisdiction under 28 U.S.C. §1441(a), contending that the Commissioner is a sham defendant. (Dkt. No. 1, Notice of Removal ["NOR"].) Rader has filed a Motion to Remand the action to the state court. (Dkt. No. 7.)

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Remand.[1]

## BACKGROUND

Rader's complaint alleges breach of contract and breach of the covenant of good faith and fair dealing against Sun Life. It also alleges a claim for a writ of mandamus against the Commissioner on the grounds that he abused his discretion by approving the policy Sun Life issued since it included provisions violating California law, including: (1) conditioning payment of disability benefits without regard to whether the insured is able to perform the substantial and material duties of his own occupation with reasonable continuity and in the usual and customary way; (2) limiting benefits payable for disabilities due to drug and alcohol illness and mental disabilities where there is no evidence that such limitations are based on sound actuarial principals or reasonably anticipated experience, in violation of California Insurance Code section 10144; and (3) a Proof of Claim provision that purportedly requires the contemporaneous submission of treatment records that would allow Sun Life to withhold benefits even where, as here, the disability is established by the certifications and statements of treating physicians. Each of these limitations, Rader claims, violates California law and should not have been approved by the Commissioner.

Sun Life contends that the Commissioner was fraudulently joined by Rader in order to defeat diversity jurisdiction and should be disregarded. In its Notice of Removal, Sun Life argued four bases for removal. First, Sun Life contended that the requested writ of mandamus is not legally cognizable under California law because mandamus only lies to compel a clear, present, ministerial duty per California Code of Civil Procedure section 1085. Because the Commissioner's enforcement of the Insurance Code sections at issue in the Complaint involves the exercise of his discretion, the writ relief sought cannot be granted. Second, Sun Life argued that no basis exists for the Court to order the remedy Rader seeks because the Commissioner only has the authority to withdraw his approval of a disability policy form on a prospective basis, not to revoke or rescind a previously approved group disability policy. Third, Sun Life argued that writ relief is only

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **April 30, 2013**.

2

appropriate where the petitioner has no plain, speedy, or adequate remedy at law, and here Rader has such a remedy – namely to ask the Court to conform the policy to state law if any violation is found. Finally, Sun Life maintained that the Commissioner should be considered a sham defendant because other cases by Plaintiff's counsel under similar circumstances have been dismissed or were not pursued by Plaintiff's counsel in the state court, indicating that inclusion of a claim against the Commissioner is nothing more than a tactic to defeat diversity.

**APPLICABLE STANDARD**

A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles. Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004). Doubts as to removability are resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

A non-diverse party named in a complaint can be disregarded for purposes of determining whether original diversity jurisdiction exists if a district court determines that the party's inclusion in the action is a "sham" or "fraudulent." *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). A joinder of a defendant is fraudulent if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.*; *see also United Computer Sys. v. AT & T Corp.,* 298 F.3d 756, 761 (9th Cir. 2002). The defendant must demonstrate that plaintiff has no possibility of establishing a cause of action in state court against the sham defendant. *See Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998); *Hamilton Materials, Inc. v. Dow Chem. Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007). In considering whether the defendant has done so, the Court must resolve all disputed questions of

3

fact and all ambiguities in the controlling state law in favor of the non-removing party. *See Good v. Prudential Ins. Co. of America,* 5 F.Supp.2d 804, 807 (N.D.Cal. 1998).

## ANALYSIS

### A.  INTENT TO PURSUE WRIT CLAIM

In order to meet its burden to establish removal jurisdiction, Sun Life must show that there is no possibility that Rader can state a claim against the Commissioner.  "[T]he motive for joining such a defendant is immaterial." *Fink v. Unumprovident Corp.*, C 05-2875 CW, 2005 WL 2375168 (N.D. Cal. Sept. 27, 2005) *citing Albi v. Street & Smith Publ'ns,* 140 F.2d 310, 312 (9th Cir.1944). Thus, Sun Life's argument in opposition, that Rader has no intention of pursuing a writ claim against the Commissioner, does not establish fraudulent joinder.[2]

### B.  WRIT RELIEF TO CORRECT ABUSE OF DISCRETION

With respect to the propriety of a writ claim, Sun Life concedes that writ relief under Section 1085 of the California Code of Civil Procedure will lie to compel a ministerial act or to correct an abuse of discretion such as a failure to comply with governing law.  *See California Assn. for Health Servs. at Home v. State Dep't of Health Care Servs.*, 204 Cal. App. 4th 676, 683 (2012); ("mandamus may issue to compel an official both to exercise his or her discretion (if he or she is required by law to do so) and to exercise it under a proper interpretation of the applicable law") citing *Common Cause v. Bd. of Supervisors*, 49 Cal. 3d 432, 442 (1989).  Here, Rader has alleged that the Commissioner abused his discretion in approving Sun Life's group disability policy based on its alleged non-conformity with provisions of the California Insurance Code.  (NOR, Exh. A, Complaint at ¶ 35 *et seq.*)

The viability of such a claim has been recognized by the California courts, the Ninth Circuit Court of Appeal, as well as the federal district courts of the Northern District of California.  *See Van Ness v. Blue Cross of California*, 87 Cal.App.4th 364, 371-372 (2001); *Peterson v. American Life & Health Ins. Co*., 48 F.3d 404, 410 (9th Cir. 1995); *Palma v. Prudential Insurance Company,*

---

[2] Even if Rader's intention to pursue his claim against the Commissioner was a legitimate consideration, Sun Life's argument that he has no intention of pursuing the writ claim is without any persuasive evidence to support it. As Rader notes, the dockets in the prior cases cited by Sun Life do not indicate whether the claims against the Commissioner were pursued to settlement.

4

1  *supra,* 791 F.Supp.2d at 795-797 ("Plaintiff is not requesting that the Court order the
2  Commissioner to exercise discretion in a particular manner. He seeks [instead] an order requiring
3  that the Commissioner use the authority granted in California Insurance Code §§ 12926 and
4  10291.5(b)(1) to exercise discretion to review the allegedly illegal language in the policy."); *Cf.*
5  *Hansen v. Ohio Nat. Life Assur.*, C 11-01382 MEJ, 2011 WL 3294289 at *3-4 (N.D. Cal. Aug. 1,
6  2011) (same); *Blake v. Unumprovident Corp.*, C 07-04366 MHP, 2007 WL 4168235 at *4 (N.D.
7  Cal. Nov. 20, 2007) ("plaintiff 'asks the court to find that the Commissioner abused his discretion
8  by approving policy language in contravention of the mandatory requirements of the Insurance
9  Code,' something that he clearly allowed to do").[3] Thus, Sun Life's argument that Rader is
10 improperly seeking a writ to compel the Commissioner to exercise his discretion in a particular
11 manner is not borne out by the allegations of the Complaint itself.

**C.    EFFECT ON PLAINTIFF**

Sun Life further contends that the writ claim against the Commissioner is a sham because any action by the Commissioner would only be prospective in nature, and would not affect Rader's existing policy. Rader counters with three arguments. First, Rader persuasively argues that the Commissioner's withdrawal of approval of the policy form here would actually benefit him because it could affect his ongoing claim for (future) disability payments. Second, Insurance Code section 10291.5(h) clearly authorizes the Court to review any of the Commissioner's actions. *Cf. Blake*, 2007 WL 4168235 at *4 (finding that the Commissioner abused his discretion would require him to withdraw the relevant approval which, even if it did not benefit plaintiff directly, would benefit other policyholders, making claim cognizable). Third, it is not clear from the authorities cited by Sun Life that writ relief flowing from a finding of abuse of discretion would not, in effect, require the Commissioner to withdraw his approval of the policy form, resulting in a reform of Rader's existing policy. *Cf. Hansen*, 2011 WL 3294289 at *4 (rejecting challenge that only prospective

---

[3] Sun Life argues that the cases supporting the viability of such a writ claim were wrongly decided, based upon dicta in *Peterson*. Dicta or no, the decision in *Peterson* correctly noted that an individual insured can seek writ relief if, as here, he alleges "that the Commissioner has abused his discretion by approving a policy in violation" of California law. *Peterson*, 48 F.3d at 410; *see* Cal. Code Civ. Proc. § 1085.

5

relief was available by way of writ against Commissioner since Commissioner may revoke a policy if it does not comply with the Insurance Code).

### D.  ADEQUATE REMEDY AT LAW

Sun Life also argues that Rader has an adequate remedy at law such that writ relief is not available. However, Sun Life seems to confuse the issue since it argues that Rader can get the same relief by way of his claims *against Sun Life*. Plainly success in Rader's claims against Sun Life will not result in the Commissioner's withdrawal of approval of his policy form. Sun Life's argument that Rader is not required to seek withdrawal of the Commissioner's approval in order to enforce California law appears to be beside the point. Rader has no other plain, speedy and adequate remedy as against the Commissioner. *See Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1168-69 (N.D. Cal. 2003) [rejecting argument that plaintiff had an adequate remedy at law in writ claim against Commissioner since "[n]owhere does the Insurance Code provide an administrative remedy for an insured to contest the Commissioner's approval of a policy form"].

### E.  NEW ARGUMENTS RAISED IN OPPOSITION

Sun Life raises a new argument in its opposition to the Motion to Remand, namely that the Insurance Code sections Rader alleges were violated do not apply to group disability policies.[4] A defendant seeking to remove a case to federal court must do so within thirty days of being served with the complaint. *See* 28 U.S.C. § 1446(b). The notice of removal cannot be amended to add new bases for removal after the thirty day removal period has run, nor can a defendant present new grounds for removal for the first time in opposition to a motion for remand. *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000). In addition, the Court notes that Rader alleges violations of Insurance Code sections

---

[4] Rader points out another argument raised in the opposition that was not stated in the NOR. The argument – that discretionary action cannot be compelled since the Commissioner's authority to revoke approval of a policy pursuant to 12957 of the Insurance Code is discretionary – appears to be nothing more than a variant of the more general argument, *supra*, that the Commissioner cannot be compelled by a writ to exercise his discretion. As stated above, the allegations of the complaint are that the Commissioner abused his discretion, a cognizable basis for writ relief under California Code of Civil Procedure section 1085; *see also* Cal. Ins. Code § 12940 ("[t]he acts and orders of the commissioner are subject to such review, or other action by a court of competent jurisdiction, as permitted or authorized by law").

10291.5(b)(1) and 10144.  Sun Life offers no authority to undermine the conclusion that these provisions do, in fact, apply to group disability policies.  *See, e.g.,* Cal. Ins. Code § 10144 (applies to insurers "issuing, providing, or administering any contract of individual *or group* insurance providing life, annuity, or disability benefits") (emphasis supplied).

## CONCLUSION

Based upon the foregoing, the Motion to Remand is **GRANTED.**  The instant action is **REMANDED** to the Superior Court of California, County of San Francisco.

This Order terminates Docket No. 7.

**IT IS SO ORDERED**.

Date: April 23, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**